UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHEVANDRA VERASAWMI, | : | |
| | : | Civil No. 19-16767 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

*Pro se* Petitioner Shevandra Verasawmi ("Petitioner" or "Verasawmi"), a federal prisoner presently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey, has filed a Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255. *See* ECF No. 1. For the reasons explained in this Memorandum Opinion and Order, the Court will appoint counsel to represent Petitioner and will hold a hearing on Ground One of the Motion, as explained herein. Ground Two of the motion is denied without a hearing, and the Court also denies a certificate of appealability ("COA") as to Ground Two.

I. **FACTUAL BACKGROUND[1] & PROCEDURAL HISTORY**

On April 26, 2018, a jury convicted Shevandra Verasawmi of one count of conspiracy to commit mail fraud and three counts of mail fraud for his role in a scheme to steal millions of dollars from Robert Wood Johnson University Hospital with his sister Vishallie Verasawmi. On September 12, 2018, the Court sentenced Verasawmi to 87 months, at the bottom of the applicable Sentencing Guidelines range. *See* Judgment of Conviction.

---

[1] The factual background is taken from the record and exhibits.

Prior to trial, Verasawmi engaged in plea negotiations; however, the plea offer required him to plead guilty as part of a package deal with his sister, and his sister would not plead guilty.[2]

On August 15, 2019, Verasawmi filed a Motion under 28 U.S.C. § 2255, seeking to vacate his sentence and conviction or modify his sentence. *See* ECF No 1. Verasawmi's Motion claims he received constitutionally ineffective assistance from his defense counsel for the following reasons:

> Ground One: defense counsel "inaccurately advised him that he could not plead guilty because the government's plea agreement offer was a package or tied agreement only available if his co-defendant sister also plead guilty, and failed to advise him that he could plead open to the indictment." *Id.* at 15.
>
> Ground Two: defense counsel "failed to object to the sentencing guideline calculation which failed to grant petitioner a 2 level reduction for acceptance of responsibility." *Id.* at 20.

On October 2, 2019, the government submitted its initial answer to Verasawmi's Motion seeking a formal waiver of Verasawmi's attorney-client privilege. The government further requested that the Court deny Verasawmi's claims in Ground Two of the Motion because it failed to meet the *Strickland* standard.

On November 4, 2019, the Court ordered that Verasawmi's defense attorney, Michael Pappa, Esq. ("Pappa"), to provide an affidavit responding to the claims in the Motion. On November 18, 2019, Pappa submitted an certification, discussed in more detail below, which contradicts Petitioner's allegations in Ground One. *See* ECF No. 6.

---

[2] The parties have not provided copies of the plea offer(s)/agreement(s). Petitioner's attorney states that another option would have required Petitioner to testify against his sister, which he would not do. *See* Certification of Michael Pappa, Esq. ¶¶ 5-6.

2

II.     **STANDARD OF REVIEW**

Title 28, United States Code, Section 2255 permits a court to vacate, correct, or set aside a sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255.

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

In determining whether to grant a petitioner a hearing, the petitioner's factual allegations are accepted as true unless the record shows them to be frivolous. *United States v. Lilly*, 535 F.3d 190, 195 (3d Cir. 2008). The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *U.S. v. Booth*, 432 F.3d 545-46 (3d Cir. 2005)). Moreover, the Third Circuit has "repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citations omitted).

### III. ANALYSIS

#### a. Ground One—Counsel Failed to Discuss all Plea Options

In Ground One, Verasawmi argues that defense counsel provided ineffective assistance by (i) inaccurately advising him that he could only plead guilty if his co-defendant sister pleaded guilty and (ii) failing to advise him that he could plead open to the Indictment, which he claims would have resulted in a three-level reduction for acceptance of responsibility. Verasawmi alleges that pleading open would have resulted in an offense level of 26 instead of 29 and a guideline range of 63-78 months vs. a guidelines range of 87-108 months.[3] His counsel Pappa asserts, however, that he discussed with Verasawmi the possibility of pleading open to the Indictment. Pappa further explained that Verasawmi: (i) essentially maintained his innocence to the conduct charged in the Indictment; (ii) never expressed an interest in entering an open-ended plea; and (iii) refused to allocute to factual basis questions that would implicate himself or his sister in the charged conduct. Pappa Certification at ¶¶ 5-7, 10.

The Court finds that Verasawmi and defense counsel's differing accounts concerning their plea discussions warrants an evidentiary hearing on the narrow issue of whether Pappa failed to advise Verasawmi of all plea options, including the option to plead open to the Indictment. For this claim to be successful, Verasawmi must also show a reasonable probability

---

[3] There are two decreases available for acceptance of responsibility: (1) the two-level decrease in offense level available under U.S.S.G. 3E1.1(a) to a defendant who "clearly demonstrates acceptance of responsibility for his offense"; and (2) the additional one-level decrease available under U.S.S.G. 3E1.1(b) <u>upon motion by the government</u> stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently…." U.S.S.G. 3E1.1 (emphasis supplied). Although the Court need not address this issue now, Plaintiff would have been eligible for the additional one-point reduction <u>only</u> upon motion by the government.

that he would have entered an open plea and would have received a reduced sentence for acceptance of responsibility.[4] *See U.S. v. Booth*, 432 F.3d 546-47 (3d Cir. 2005); *see also Hill v. Lockhart*, 474 U.S. at 52, 58 (1985).

Because the Court has determined that a hearing is required on Ground One, it likewise finds that assistance of counsel is warranted. *See, e.g., U.S. v. Iasiello*, 166 F.3d 212, 213–14 (3d Cir. 1999). The Court further notes that Petitioner was appointed CJA counsel in his criminal matter, although he later retained Pappa as counsel. At this time, the Court will direct the Clerk of the Court to appoint CJA counsel pursuant to the Criminal Justice Act (18 U.S.C. § 3006A(a)(2)(B) to represent Petitioner in this matter. The Clerk's Office shall identify and appoint an appropriate attorney from the CJA Panel.

### b. Ground Two: Counsel Failed to Object to the Fact that Petitioner was not Awarded the Guidelines Reduction for Acceptance of Responsibility.

In Ground Two, Verasawmi argues that his counsel "failed to object to the sentencing guideline calculation which failed to grant petitioner a [two-level] reduction for acceptance of responsibility." The Court denies Ground Two without a hearing, as Verasawmi criticizes his counsel for failing to obtain a reduction to which he was not entitled.

From the outset, Pappa argued in his sentencing submission and at sentencing that Verasawmi "has clearly accepted responsibility and not minimized his conduct," and advocated that the Court should consider his acceptance of responsibility in applying the sentencing factors

---

[4] In *U.S. v. Booth*, 432 F.3d 542, 550 (3d Cir. 2005), Booth alleged in his motion that his trial counsel, aware that the evidence against Booth was overwhelming and that Booth did not want to cooperate with the Government, did not inform Booth that he could have entered an open guilty plea to both counts of the indictment. Booth also alleged that he "would have truthfully admitted the conduct comprising counts one and two and any additional relevant conduct" and accordingly "would have likely received a three-level reduction for acceptance of responsibility" had he chosen not to proceed to trial. *Id.* at 548.

under 18 U.S.C. § 3553(a). *See* Sentencing Transcript at 12-15. The Court, however, rejected Pappa's argument based on Verasawmi's statements to probation, which minimized his conduct and role in the scheme, and due to Verasawmi's "dissembling" statements at his initial proffer:

> THE COURT: It's not just all over the place. [Verasawmi] basically took the position in that statement that while he did not have a formal contract, that he provided goods and service to Robert Wood Johnson, that clearly this trial testimony evidence was not the case, and therefore he still took a different position.
>
> What he tried to do is excuse the manner in which he went about doing it saying: I didn't have a formal contract, I had a handshake, I met people through going to a fundraiser, donations, so much that some of the things he said in the proffer session it was dissembling at best.
>
> Your argument would have some traction if he had not made the statements that he made to Probation post-trial that I'm referencing where he again dissembled and was untruthful.
>
> I might have had a different reaction to your position if the statement he gave with regard to acceptance of responsibility owned up to the scheme and the facts that he would have pled to had he pled, but he didn't and he chose not to and that was his opportunity to do so.

In response, Pappa continued to advocate for Petitioner by emphasizing that Petitioner wanted to plead guilty, and the following exchange occurred between Pappa and the Court:

> MR. PAP[P]A: I don't know whether it's appropriate for me to point this out or suggest this at this time, your Honor. I did emphasize it in my letter to your Honor that prior to trial he did want to plead guilty. He did express a desire to plead guilty. He expressed a desire to accept the plea agreement offered by the government.
>
> I think, your Honor, in saying that, isn't that the ultimate in acceptance of responsibility, the willingness to plead guilty? He would have been required to give a factual basis, the factual basis

6

> that would be outlined by the government, and in order to plead
> guilty he would have to have –
>
> THE COURT: The problem with your argument,
> Mr. Pap[p]a, and I do understand and I was made aware
> that of course he had a willingness to plead guilty,
> but the government had only offered a plea deal that
> would have included his accepting a guilty plea if his
> sister also agreed to plead guilty. They didn't want
> to go to trial on just one person. So I understand
> that.
>
> Your argument would have some traction if he
> had not made the statements that he made to Probation
> post-trial that I'm referencing where he again
> dissembled and was untruthful.
>
> I might have had a different reaction to your
> position if the statement he gave with regard to
> acceptance of responsibility owned up to the scheme
> and the facts that he would have pled to had he pled,
> but he didn't and he chose not to and that was his opportunity to do
> so.

Sentencing Transcript at 13-15. Thus, as the sentencing transcript makes clear, Pappa argued that Petitioner accepted responsibility, and this Court rejected counsel's arguments based on his pretrial and posttrial statements.

Moreover, even if counsel had failed to argue at sentencing that Verasawmi accepted responsibility, Petitioner is unable to show prejudice, as counsel did not need to argue for a Guidelines reduction to which Petitioner was not entitled. As the Sentencing Guidelines made clear, an adjustment for acceptance of responsibility did not apply to Verasawmi:

> This adjustment is not intended to apply to a defendant who puts
> the government to its burden of proof at trial by denying the
> essential factual elements of guilt, is convicted, and only then
> admits guilt and expresses remorse. Conviction by trial, however,
> does not automatically preclude a defendant from consideration for
> such a reduction. In rare situations a defendant may clearly
> demonstrate an acceptance of responsibility for his criminal
> conduct even though he exercises his constitutional right to a trial.
> This may occur, for example, where a defendant goes to trial to
> assert and preserve issues that do not relate to factual guilt (e.g., to

7

> make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

Application Note 2, USSG § 3E1.1. *See also* PSR at ¶ 55 ("The defendant further reported that he went to trial, as he did not want to testify against his sister. In addition, he put the government to its burden at trial. Under such circumstances, no adjustment under USSG § 3E1.1 is appropriate."). Verasawmi's case was not one of the "rare situations" where a defendant may clearly demonstrate an acceptance or responsibility even though he exercises his constitutional right to a trial to preserve an issue not related to factual guilt. Because Verasawmi was not entitled to a reduction for acceptance of responsibility, he cannot show he was prejudiced by his attorney's failure to ask for and obtain the two-level reduction.

To the extent that Verasawmi also claims that he received constitutionally ineffective assistance of counsel because his counsel did not prevent him from sending in a purported acceptance of responsibility statement to probation that did more harm than good, that claim also fails. A defendant only has a Sixth Amendment right to counsel when there is an adversarial proceeding. *United States v. Johnson*, 935 F.2d 47, 50 (4th Cir. 1991). A probation officer that compiles the presentence report is not an agent of prosecution, but is a neutral, information gathering agent or arm of the court. *See United States v. Herrera–Figueroa*, 918 F.2d 1430, 1434 (9th Cir. 1990). The Sixth Amendment is therefore inapplicable to routine questioning of a defendant by a probation officer or, as here, to the defendant's choice of sending in a statement to the probation officer. *See e.g. Fernandez v. United States*, No. CR.03 00594 SOM, 2007 WL 2247794, at *5 (D. Haw. Aug. 2, 2007)

In sum, because Verasawmi was not entitled to the two-level reduction for acceptance of responsibility at sentencing, Ground Two is denied without a hearing. The Court also denies a

certificate of appealability as to Ground Two, as reasonable jurists would not find the Court's assessment debatable. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS, THEREFORE**, on this  13th day of June 2022,

**ORDERED** that the Court will hold an evidentiary hearing on Ground One of the Motion regarding whether Counsel failed to advise Petitioner of all plea options, including the option to plead open to the Indictment; and it is further

**ORDERED** that in light of the decision to hold a hearing, the Court will direct the Clerk of the Court to appoint CJA counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), to represent Petitioner in this matter; the Clerk's Office shall identify and appoint an appropriate attorney from the CJA Panel; and it is further

**ORDERED** that Ground Two of the Motion is denied without a hearing; and it is further

**ORDERED** that the Court denies a certificate of appealability on Ground Two; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter pending appointment of counsel and the scheduling of a hearing; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge